Raymond Howard CONSIDINE, on behalf of himself and all others similarly situated

v.

PARK NATIONAL BANK, a national banking association or corporation.

Civ. No. 3–74–49.

United States District Court, E. D. Tennessee, N. D.

March 11, 1974.

James Cook Humberd, Knoxville, Tenn., for plaintiff.

John A. Walker, Jr., Knoxville, Tenn., for defendant.

---

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiff has filed an action on behalf of himself and others similarly situated, alleging that defendant has violated the provisions of 12 U.S.C. §§ 85, 86; specifically, that defendant, a national bank, has charged plaintiff and others similarly situated usurious interest on certain credit card transactions. Under Section 85 state law is to be used in calculating whether an interest rate is usurious. Section 86 provides when a national bank charges a rate of interest greater than is permitted under state law, the person paying such interest may recover back twice the amount of the interest thus paid, *"provided,* That such action is commenced within two years from the time the usurious transaction occurred." (12 U.S.C. § 86, emphasis in original). Under 28 U.S.C. § 1335 the district courts have original exclusive jurisdiction of any action for the recovery of a fine.

Before further disposition of this action, under Rule 23(c)(1), the Court should determine whether plaintiff can maintain this action as a class action. For the reasons stated below, it is the opinion of the Court that this action may not be prosecuted as a class action.

Initially, it should be noted that plaintiff bears the burden of proof of satisfying the necessary requirements of Rule 23, F.R.C.P. Harper v. Vance, 342 F.Supp. 136 (D.C.Ala.1972); Kinzler v. New York Stock Exchange, 53 F.R.D. 75 (D.C.N.Y.1971).

While plaintiff's class is potentially definite, he fails to describe the class with the necessary specificity beyond the declaration that they are credit card holders of defendant in several surrounding states. The phrase "similarly situated" is not magic. Thus, it is generally understood that an essential prerequisite to a class action is the existence of a class whose bounds are pre-

cisely drawn. Dolgow v. Anderson, 43 F.R.D. 472 (D.C.N.Y.1968); Weiss v. Tenney Corp., 47 F.R.D. 283 (D.C.N.Y. 1969).

Additionally, no other member of the proposed class has indicated any interest in the lawsuit. More particularly, there is no indication that the proposed members have satisfied the prerequisites of 12 U.S.C. § 86: (1) that the "greater interest has been paid" to the bank or (2) that, with respect to the proposed members, the two year limitation has not run. Although the usual course does not require the Court to adjudicate the substantial merits of plaintiff's case in determining the appropriateness of a class action, the Court need not turn its back to the case as it stands. Ratner v. Chemical Bank New York Trust Co., 54 F.R.D. 412, 415 n. 6 (S.D.N.Y.1972).

Of equally controlling importance in certifying a class at this stage is determining the relative efficiency of class or nonclass treatment. In determining this efficiency, the Court notes that Rule 23(c)(2), F.R.C.P., requires that individuals of the class receive notice where such individuals "can be identified through reasonable effort." Eisen v. Carlisle & Jacquelin, 479 F.2d 1005 (2nd Cir. 1973). This Court need not ignore common sense in comparing the relative cost of notifying the members of this presently undefined class to the potential statutory recovery of twice the usurious rate. As plaintiff contends in his complaint, the class in this instance is in excess of 10,000. However, as noted above the statutory class under Section 86 of the banking law would be restricted to those who had paid the interest rate within two years of the time the usurious transactions occurred. The costs of retrieving this specific information from defendant's individual files could be economically prohibitive when compared to the potential recovery.

Maintenance of a class action in this instance would not serve an econom-

ically effective judicial disposition. Thus, defendant may be entitled under Rule 13, F.R.C.P., to assert its counterclaims in this action against individual class members; if the amounts owing arise out of the transaction here in issue. Cotchett v. Avis Rent a Car System, 56 F.R.D. 549 (S.D.N.Y.1972); Berkman v. Sinclair Oil Corp., 59 F.R.D. 602 (N.D.Ill.1973).

Entertainment of numerous counterclaims and individual defenses would severely handicap the Court in a disposition of the principal claim.

In light of the above factors, it is the opinion of the Court that a class action in this instance is not a superior method of adjudication in terms of efficiency. Class certification would result in a relatively small recovery when compared to the high costs of adjudicating this suit.

For these reasons, the Court declines to certify the class under Rule 23(c), F.R.C.P. This action, however, is not intended to prejudice plaintiff in his individual capacity.