IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 23, 2014 Session

## DONALD J. ROBERTS IRA ET AL. V. PHILLIP H. MCNEILL, SR. ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT00495507     Jerry Stokes, Judge**

_____

**No. W2013-01072-COA-R3-CV - Filed May 30, 2014**

_____

This is the second interlocutory appeal from a class certification. In ***Roberts v. McNeill***, No. W2010-01000-COA-R9-CV, 2011 WL 662648 (Tenn. Ct. App. Feb. 23, 2011) ("***Roberts I***"), we vacated the trial court's class certification and remanded for reconsideration. Plaintiffs/Appellees are former owners of preferred stock in Equity Inns, Inc., who filed suit against Defendants/Appellants, the board of directors, for breaches of the fiduciary duties allegedly owed to the preferred shareholders during the negotiation and approval of a merger. Upon remand from this Court, the trial court granted the plaintiffs' motion for class certification with respect to "the proposed preferred class stockholders." Having previously enumerated three preferred classes of stockholders, the purported certification creates an ambiguity as to the global class. The trial court's certification of three subclasses does not cure the ambiguity in the global class, and we cannot proceed to review under Tennessee Rule of Civil Procedure 23 in the absence of a clearly defined class. Accordingly, we vacate and remand for further consideration.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

John S. Golwen, Annie T. Christoff, Johathan E. Nelson, Memphis, Tennessee, and Edward J. Fuhr (*pro hac vice*), Matthew P. Bosher (*pro hac vice*), Trevor S. Cox (*pro hac vice*), Richmond, Virginia, for the appellants, Phillip H. McNeill, Sr., Howard A. Silver, Raymond E. Schultz, Robert P. Bowen, and Joseph W. McLeary.

Alan G. Crone, Memphis, Tennessee, and Lee A. Weiss (*pro hac vice*), Garden City, New York, for the appellees, Donald J. Roberts IRA, Dr. James M. Byers IRA Rollover, Patrick Svoboda IRA and Svoboda Realty Inc. Defined Benefit Plan, Jack Fulton, and Eric Clarke, as Trustee of Clarke Revocable Trust, On Behalf of Themselves and All Others Similarly Situated.

## MEMORANDUM OPINION[1]

As set out in **Roberts I**, this case arose following a merger of Equity Inns, Inc. ("Equity Inns") into the Whitehall Street Global Real Estate Limited Partnership 2007 ("Whitehall"). Prior to the merger, Equity Inns functioned as a publicly held real estate investment trust based in Memphis, Tennessee; through its operating partnership, Equity Inns owned 133 hotel properties in 35 states. Equity Inns issued a total of 5,850,000 shares of two classes of preferred stock, which were designated (1) 8.75% Series B Cumulative Preferred Stock (the "Series B Stock"), and (2) 8.00% Series C Cumulative Preferred Stock (the "Series C Stock"). The remaining stock was common stock. The two series of preferred shares were issued three years apart, and conferred different rights on their holders, were subject to different conditions, and were governed by their own contractual terms.

In 2007, Equity Inns' Board of Directors, Phillip H. McNeill, Sr., Howard A. Silver, Raymond E. Schultz, Robert P. Bowen, and Joseph W. McLeary (together "Directors," "Defendants," or "Appellants"), who were all holders of common stock in Equity Inns, unanimously approved a definitive merger agreement under which the privately held Whitehall would acquire Equity Inns in a transaction valued at approximately $2.2 billion. The merger agreement provided owners of Equity Inns common stock $23 per share in cash, a premium of approximately 28% over the stock's 90 day average closing share price or approximately 19% over its closing share price on June 20, 2007. At this time, the Directors owned over 1.2 million shares of Equity Inns' common stock, which would net them approximately $28,000,000.00 when the merger closed. Only Director McNeill owned any of the preferred series stock; he owned 8,000 shares of Series C Stock, which was less than

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

2% of his total Equity Inns holdings. The merger agreement, which was allegedly approved without separate inquiry into the effect on the preferred stockholders' shares, provided that the preferred stockholders would receive stock in Whitehall, which stock would have identical dividend and other relative rights, preferences, limitations, and restrictions as their existing shares. The merger closed on October 25, 2007. During the four-month period between the merger and the announcement of the closing of the merger, the value of the Series B Stock allegedly declined 32%; during the same time period, the Series C Stock allegedly declined 33%.

On September 28, 2007, the named plaintiffs, Donald J. Roberts IRA, Dr. James M. Byers IRA Rollover, Patrick Svoboda IRA, Svoboda Realty Inc. Defined Benefit Plan, Jack Fulton, and Eric Clarke, as Trustee of Clarke Revocable Trust (together, "Plaintiffs," or "Appellees"), who were all preferred stock holders, filed this class action as amended against the Directors.[2] Appellees' amended complaint asserted that the Directors owed the holders of Equity Inns preferred stock the "utmost fiduciary duties of due care, loyalty, and good faith." The Directors allegedly violated these fiduciary duties when they approved a merger that greatly benefitted the common stockholders, including the Directors, without properly evaluating the impact of the merger on the preferred shareholders. According to Plaintiffs, the announcement of the merger caused a foreseeable diminution in the value of their preferred stock because Whitehall was not subject to the reporting requirements of the Securities Exchange Act of 1934 and investors were unable to accurately value Whitehall's preferred stock. Plaintiffs specifically alleged that the Directors' breaches caused 32% and 33% decreases in the value of Equity Inns' Series B and Series C preferred stock, respectively, prior to the closing of the merger. Plaintiffs concluded that, by approving the merger and electing not to redeem the preferred stock for cash, the Directors impermissibly increased the payout for common stock to the detriment of the preferred shareholders.

The Directors responded, on December 4, 2007, with a motion to dismiss the amended complaint under Rule 12.02(6) of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief could be granted. The Directors argued, in part, that Plaintiffs had based their complaint on general fiduciary duty principles that do not apply when determining the rights of preferred shareholders in Tennessee. The Directors maintained that the rights of preferred shareholders are governed by contract and, thus, Plaintiffs failed to state a claim because they did not allege a breach of contract. In the alternative, the

_____

[2] The original complaint did not name Jack Fulton as a plaintiff. After a failed attempt to certify the class, the trial court granted a motion to amend the complaint to add Mr. Fulton over the objection of Directors. Following the addition of Mr. Fulton as a plaintiff, the class was certified, which certification led to the appeal in *Roberts I*. As discussed, *infra*, Eric Clarke was not added as a Plaintiff until after the case was remanded in *Roberts I*. Mr. Clarke was added by amended pleading filed on April 30, 2012.

Directors asserted that both the business judgment rule and an exculpatory provision in the Company's corporate charter precluded recovery. The trial court denied the Directors' motion to dismiss, but granted permission to seek interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, which appeal both this Court and the Tennessee Supreme Court denied. Thereafter, the Directors filed an answer asserting various affirmative and other defenses.

Plaintiffs moved to certify a class of "[a]ll holders of Equity Inns preferred stock as of June 21, 2007" and to appoint Donald J. Roberts IRA, Dr. James M. Byers IRA Rollover, and Jack Fulton as representatives of the class.[3] Plaintiffs' motion and initial supporting memorandum argued that the class representatives satisfied all requirements of Rule 23.01 and 23.02(3) of the Tennessee Rules of Civil Procedure. The Directors disagreed and submitted a detailed response arguing, *inter alia*, that the proposed representatives satisfied neither the typicality, nor the adequacy of representation requirements of Rule 23. Plaintiffs submitted a memorandum in reply, seeking to counter the arguments of the Directors and to further support their motion. On March 2, 2010, the trial court conducted a fairly lengthy hearing during which the parties asserted their positions. Rather than announce a decision at the conclusion of the hearing, the court took the matter under advisement.

On April 26, 2010, the trial court granted Plaintiffs' motion for class certification with respect to "the named class representatives" in an order that set forth relevant facts, offered the court's legal conclusions, and incorporated by reference the transcript of the parties' hearing. The court expressly acknowledged that the burden to demonstrate compliance with Rule 23.01's requirements—numerosity, commonality, typicality, and adequacy of representation—rested with Plaintiffs. Upon examination of the issues, the court concluded that Plaintiffs carried their burden. The court also concluded that Plaintiffs demonstrated a basis for certification under Rule 23.02(3). The Directors filed an application for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure and Tennessee Code Annotated section 27-1-125, which this Court granted.

On February 23, 2011, in **Roberts I**, this Court vacated the class certification and remanded the case back to the trial court for further consideration. Our decision was based,

_____

[3] As noted in **Roberts I**, the trial court's order cited Donald J. Roberts IRA, Patrick Svoboda IRA, and Svoboda Realty Inc. Defined Benefit Plan as the proposed class representatives for the Series B preferred shareholders and Jack Fulton as the proposed class representative for Series B and C preferred shareholders. However, Plaintiffs' motion for class certification and accompanying memoranda sought appointment of Dr. James M. Byers IRA Rollover as a class representative, not Patrick Svoboda IRA or Svoboda Realty Inc. Defined Benefit Plan.

*inter alia*, upon the following:

> We vacate and remand for several reasons. First, the record does not demonstrate that the claims or defenses of the representative parties are typical of the claims or defenses of the class. This is enough in our view to vacate the decision of the trial court. Second, remand prevents this Court from authoring a potentially advisory opinion on whether at least one named plaintiff must possess standing for each claim in a class action, which is a matter of first impression before Tennessee courts. While Mr. Fulton's status as a class representative stands in jeopardy, it is possible that the trial court will determine upon review of the relevant evidence that he satisfies both the typicality and adequacy of representation requirements. Third, it is not entirely clear that the trial court would have reached the same decision on certification if it had concluded upon examination of the necessary evidence that Mr. Fulton was an inadequate representative. The court's order suggests it considered only Mr. Fulton a proposed class representative for Series C preferred shareholders. Finally, remand gives the trial court an opportunity to correct an apparent error in its decision regarding which named plaintiffs sought to serve as class representatives and to clarify which class representatives met Rule 23's requirements. We accordingly vacate the trial court's decision and remand for further consideration.

*Roberts I*, 2011 WL 662648, at \*9 (footnote omitted). In reaching our decision, we noted, *in dicta*, that the existence of a potential unique defense against a class representative would defeat typicality in Tennessee. *Id*. at \*8 ("[T]he court may have premised its rejection of Directors' position on an erroneous conclusion that a unique defense likely to become a major focus of the litigation does not defeat typicality in Tennessee."). Specifically, we noted that the affirmative defenses of acquiescence, ratification, and waiver, which were raised against Mr. Fulton based upon his vote in favor of the merger, "are likely to become a major focus of the litigation regardless of whether they are ultimately meritorious." *Id*. Finally, we counseled the lower court that it "must actively guard against the development of conflicts" and reject class certification if a conflict exists. *Id*. at \*10.

Following remand, the parties attempted to mediate. However, when that was unsuccessful, the Plaintiffs were granted leave to amend their complaint "to address the potential issues raised by the Court of Appeals." The second amended complaint, filed on

April 30, 2012, made one change. It added Eric Clarke, as Trustee of Clarke Revocable Trust, as a plaintiff. Clarke Revocable Trust held Series C Stock at the time of the merger announcement. However, discovery revealed that the Clarke Trust had purchased thousands of shares of both Series B Stock and Series C Stock following the announcement of the merger. After adding Clarke, Plaintiffs filed a renewed motion for class certification on June 6, 2012. Because the Clarke Trust held no common stock, Plaintiffs argued that the addition of the Clarke Trust addressed this Court's concern, as set out in **Roberts I**, because the Clarke Trust could allegedly serve as a representative of Series C shareholders, without being subject to the potential acquiescence defense. Because the potential acquiescence defense was allegedly factually unsupported due to the lack of any meaningful disclosure concerning the preferred shares in the proxy statement for the merger, and the defense allegedly did not raise a conflict between preferred shareholders who did not own common stock and those who did, Plaintiffs once again sought certification of a class of all preferred stockholders on the date of the merger announcement. Although the Plaintiffs opined that the acquiescence defense was completely without merit, out of an abundance of caution, they proposed, in their renewed motion for class certification, two subclasses. First, Plaintiffs proposed the "Preferred/Common Stock SubClass." The Preferred/Common Stock SubClass would allegedly address concerns regarding the acquiescence defense because any legal issues concerning that defense would be common to any class member who voted in favor of the merger, and the litigation of those common questions would not raise any conflicts with the other preferred shareholders. **Roberts I**, 2011 WL 662648, at *8 ("[I]t is possible that the defenses raised with respect to Mr. Fulton are not unique because a substantial part of the class is similarly situated."). Plaintiffs proposed Mr. Fulton as the representative of the Class and the Preferred/Common Stock SubClass. In addition, Plaintiffs proposed a second subclass, the "Preferred Stock SubClass," which would include only those who owned preferred stock, and did not own common stock, on or after June 21, 2007. Plaintiffs proposed the appointment of the Roberts IRA, the Byers IRA, and the Clarke Revocable Trust as representatives of the Preferred Stock SubClass.

The Directors opposed the renewed motion for class certification, arguing, *inter alia*, that the motion still sought certification of the same single class of **all** holders of Equity Inns preferred stock—both Series B and Series C shareholders, including those who also held common shares. The trial court held a hearing on the motion for class certification.

Despite some confusion at the hearing concerning the parameters of the Plaintiffs' proposed class and subclasses, in its April 26, 2013 order, the trial court attempted to clarify Plaintiffs' position on class certification. Specifically, the court stated that Plaintiffs were seeking class certification of

all preferred stockholders (global class); and/or subclass

-6-

certification of all Series B Preferred shareholders who owned neither Series C Preferred stock nor common stock as of June 21, 2007; and/or subclass certification of all Series C shareholders who owned neither Series B preferred nor common stock as of June 21, 2007; and/or subclass certification of all Series B & C preferred shareholders who also owned common stock as of June 21, 2007.

Plaintiffs also seek class certification of all preferred stockholders, as of June 21, 2007, who did not own common stock on or after June 21, 2007. Also, Plaintiffs seek class certification of all preferred stockholders who owned common stock on or after June 21, 2007.

Plaintiffs also request this Court certify this lawsuit as a class action on behalf of a class consisting of all holders of the Company's preferred stock as of June 21, 2007, and certify the preferred stock subclass and the preferred/common stock subclass. Plaintiffs request that Roberts IRA, Byers IRA, and Eric Clarke be appointed as representatives of the global class of preferred shareholders; and that Jack Fulton be appointed as representative of the global class of the preferred/common stock subclass. Excluded from the class and subclasses are the named Defendants and any person, firm, trust, corporation or other entity related to, or affiliated with, any Defendant.

In the foregoing statements, the trial court outlines three different classes: (1) "all preferred stockholders (global class)"; (2) "all preferred stockholders, as of June 21, 2007, who did not own common stock on or after June 21, 2007"; (3) "all preferred stockholders who owned common stock on or after June 21, 2007." The trial court also identifies three subclasses: (a) "all Series B preferred stockholders who owned neither Series C preferred stock nor common stock as of June 21, 2007"; (b) "all Series C shareholders who owned neither Series B preferred nor common stock as of June 21, 2007"; and (c) "all Series B & C preferred shareholders who owned common stock as of June 21, 2007."

After outlining and discussing the requirements of Tennessee Rule of Civil Procedure 23, *see* discussion *infra*, the trial court ruled as follows:

> [T]he Court hereby certifies the proposed preferred class stockholders under Rule 23. As part of that certification, the Court creates and certifies subclasses under rule 23.03(4) and appoints Byers and Roberts as class representatives of all Series

-7-

B stockholders who owned such stock on June 21, 2007. The Court appoints Clarke as class representative of all Series C stockholders who owned such stock on June 21, 2007. In addition, this Court appoints Fulton as class representative of all stockholders who owned Series B and C stock as well as common stock on June 21, 2007. All other requests for class certification is [sic] denied.

Tennessee Code Annotated Section 27-1-125 provides:

The court of appeals shall hear appeals from orders of trial courts granting or denying class certification under Rule 23 of the Tennessee Rules of Civil Procedure, if a notice is filed within ten (10) days after entry of the order. All proceedings in the trial court shall be automatically stayed pending the appeal of the class certification ruling.

Although not required, on May 6, 2013, the Directors filed a motion in this Court for permission to appeal. A significant portion of that motion claimed that the trial court's order was incomplete and inconsistent. On May 9, 2013, this Court issued an order, noting that Tennessee Code Section 27-1-125 did not require the Directors to file an application for appeal, and ordering that the matter would proceed as an appeal as of right.

On June 12, 2013, while the appeal was pending, Plaintiffs filed a motion to remand the case pursuant to Tennessee Code Annotated Section 27-3-128 on the basis of a "defect in the record."[4] In their motion to remand, Plaintiffs alleged that the order appealed suffers from a number of "defects," including that: (1) "omissions and ambiguities" plague the order; (2) the trial court failed to "state the definition of the Class that it certified"; (3) the "different definitions" of the class in the order create ambiguity; (4) the trial court made potentially "contradictory statements" and "contradictory findings" regarding Plaintiffs' typicality and adequacy; and (5) the lower court "could [have] ma[d]e clearer findings as to the Class's satisfaction of the requirements of Tennessee Rule of Civil Procedure 23.01(3) and (4)."

_____

[4] Tennessee Code Annotated Section 27-3-128 provides:

The court shall also, in all cases, where, in its opinion, complete justice cannot be had by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the cause to the court below for further proceedings, with proper directions to effectuate the objects of the order, and upon such terms as may be deemed right.

-8-

This Court denied the remand motion. Accordingly, Plaintiffs contend that our "consideration of this appeal should focus on Rule 23 elements, which the Class readily satisfies, and the resolution of any perceived ambiguities in the Class Certification Order."

In the first instance, the mere fact that we declined to remand the case under Tennessee Code Annotated Section 27-3-128 at the time the motion was made does not, *ipso facto*, require us to limit our review to Rule 23 elements, or prevent this Court from resolving any ambiguities we may find in the trial court's order. Rather, our review will extend as far, and in whatever direction, as may be necessary to adjudicate the issues before us. Those issues, as stated in the Directors' brief, are as follows:

> 1. Did the lower court improperly certify a global class of shareholders, given that the order failed to provide a coherent basis for determining the membership of the certified class and contained illogical conclusions, as even Plaintiffs concede, regarding whether Rule 23's requirements had been met?
>
> 2. Did the lower court incorrectly conclude that the global class of shareholders satisfied Rule 23's commonality and predominance requirements, given that the shareholder groups comprising the class each had different, separately defined legal rights that prevent the resolution of their claims in one stroke?
>
> 3. Did the lower court incorrectly certify three subclasses within the global class, given that the court: excluded significant shareholder groups within the global class from membership in the subclasses, thereby preventing satisfaction of Rule 23's superiority and predominance requirements; created a subclass with intra-class conflicts; failed to find that each subclass satisfied the numerosity requirement; and neglected to appoint separate counsel to represent the conflicting interests of each subclass?
>
> 4. Did the lower court incorrectly certify the global class and three subclasses, given that each of the plaintiffs the court appointed to represent them are subject to unique defenses that destroy their typicality and/or are incapable of adequately representing absent class members?

Before turning to the issues, we restate the standard of review applicable to class

certification questions.  As stated in **Roberts I**:

> A trial court's decision on class certification is entitled to deference. *See* **Meighan v. U.S. Sprint Commc'ns Co.**, 924 S.W.2d 632, 637 (Tenn. 1996). The grant or denial of class certification is discretionary, and the court's decision will stand absent abuse of that discretion. **Id**. (citing **Sterling v. Velsicol Chem. Corp.**, 855 F.2d 1188, 1197 (6th Cir.1988)). The abuse of discretion standard typically applies when a choice exists in the trial court among several acceptable alternatives. **Lee Med., Inc. v. Beecher**, 312 S.W.3d 515, 524 (Tenn. 2010) (**citing Overstreet v. Shoney's, Inc.**, 4 S.W.3d 694, 708 (Tenn. Ct. App. 1999)). Because the trial court is vested with the responsibility to make that choice, a reviewing court cannot second-guess the lower court's judgment or merely substitute an alternative it finds preferable. **Id**. at 524 (citations omitted). A reviewing court must instead affirm the discretionary decision so long as reasonable legal minds can disagree about its correctness. **Eldridge v. Eldridge**, 42 S.W.3d 82, 85 (Tenn. 2001) (citing **State v. Scott**, 33 S.W.3d 746, 752 (Tenn. 2000); **State v. Gilliland**, 22 S.W.3d 266, 273 (Tenn. 2000)). The same principles apply here; a trial court's certification decision must stand if reasonable judicial minds can differ about the soundness of its conclusion. **Freeman v. Blue Ridge Paper Prod., Inc.**, 229 S.W.3d 694, 703 (Tenn. Ct. App. 2007) (citing **White v. Vanderbilt Univ.**, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999)). "The abuse of discretion standard of review does not, however, immunize a lower court's decision from any meaningful appellate scrutiny." **Beecher**, 312 S.W.3d at 524 (citing **Boyd v. Comdata Network, Inc.**, 88 S.W.3d 203, 211 (Tenn. Ct. App. 2002)).
>
> A trial court's discretion is not unbounded. *Cf.* **Gulf Oil Co. v. Bernard**, 452 U.S. 89, 100, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981). A trial court must consider controlling legal principles and relevant facts when making a discretionary decision. **Beecher**, 312 S.W.3d at 524 (citing **Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.**, 249 S.W.3d 346, 358 (Tenn. 2008); **Ballard v. Herzke**, 924 S.W.2d 652, 661 (Tenn. 1996)). A trial court abuses its discretion if it (1) applies an incorrect legal standard, (2) reaches an illogical or

-10-

unreasonable decision, or (3) bases its decision on a clearly erroneous evaluation of the evidence. ***Elliott v. Cobb***, 320 S.W.3d 246, 249–50 (Tenn. 2010) (citation omitted); *see also* ***Walker v. Sunrise Pontiac-GMC Truck, Inc.***, 249 S.W.3d 301, 308 (Tenn.2008) (citation omitted). Additionally, a trial court abuses its discretion if it "strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision." ***Beecher***, 312 S.W.3d at 524 (citing ***State v. Lewis***, 235 S.W.3d 136, 141 (Tenn. 2007)).

Appellate courts review a trial court's discretionary decision to determine "(1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the lower court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the lower court's decision was within the range of acceptable alternative dispositions." ***Id***. at 524–25 (citing ***Flautt & Mann v. Council of Memphis***, 285 S.W.3d 856, 872–73 (Tenn. Ct. App. 2008)). We review the trial court's legal conclusions de novo with no presumption of correctness. ***Id***. at 525 (citing ***Johnson v. Nissan N. Am., Inc.***, 146 S.W.3d 600, 604 (Tenn. Ct. App. 2004); ***Boyd v. Comdata Network, Inc.***, 88 S.W.3d 203, 212 (Tenn. Ct. App. 2002)). We review the trial court's factual conclusions under the preponderance of the evidence standard. ***Id***. (citations omitted).

***Roberts I***, 2011 WL 662648, at *3–4.

Furthermore, as set out in ***Roberts I***:

Rule 23 of the Tennessee Rules of Civil Procedure governs class action certification. ***Walker***, 249 S.W.3d at 307 (citing ***Hamilton v. Gibson Cnty. Util. Dist.***, 845 S.W.2d 218, 225 (Tenn. Ct. App. 1992)). The burden is on the proponent of class certification to demonstrate that a class action is appropriate. ***Id***. This burden is two-fold. The proponent must first satisfy the numerosity, commonality, typicality, and adequacy of representation requirements of Rule 23.01. ***Id***. at 307–08 (citing Tenn. R. Civ. P. 23.01). Rule 23.01 permits class certification if

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Tenn. R. Civ. P. 23.01. The proponent of class certification must demonstrate compliance with each of Rule 23.01's requirements. *Walker*, 249 S.W.3d at 307–08.

The proponent must next establish the class action is maintainable under Rule 23.02. *Id* at 308. In contrast to Rule 23.01, the proponent of class certification must establish only one Rule 23.02 basis for the maintenance of a class action. *Id*. Rule 23.02 provides three bases for class action certification:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of
(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interest; or

(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or

(3) the court finds that the question of law or fact common to the members of the class predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action.

Tenn. R. Civ. P. 23.02. Class certification is permissible only if the proponent demonstrates compliance with both Rule 23.01 and Rule 23.02. *Freeman*, 229 S.W.3d at 702 (citing *Hamilton*, 845 S.W.2d at 225).

*Roberts I*, 2011 WL 662648, at *4–5.

## Ambiguity in the Order

It is well settled that a trial court speaks through its orders. *Palmer v. Palmer*, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1997). Whether an order is ambiguous presents a legal issue. *See Konvalinka v. Chattanooga-Hamilton County Hosp. Auth.*, 249 S.W.3d 346, 356 (Tenn. 2008). Our review of a legal issue is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Moody v. Hutchison*, 159 S.W.3d 15, 26 (Tenn. Ct. App. May 25, 2004) (quoting *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001)).

As noted above, in its order, the trial court first identified three separate classes of preferred stockholders: (1) "all preferred stockholders (global class)"; (2) "all preferred stockholders, as of June 21, 2007, who did not own common stock on or after June 21, 2007"; (3) "all preferred stockholders who owned common stock on or after June 21, 2007." The court then goes on to certify "the proposed preferred class stockholders under Rule 23." Unfortunately, we cannot determine to which (if any) of the three enumerated classes the "proposed preferred class stockholders" language refers. This creates an ambiguity that is fatal to meaningful review.

-13-

We have reviewed the record, but have been unable to glean any information that would illuminate the trial court's order concerning which class it is certifying. Elsewhere in its order, the court states that "[c]ertifying this proposed global class as constituted would invite intra-class conflict," and that "the typicality requirement has not been satisfied as to the global class." Yet, despite these statements, the court appears to certify some global class, i.e., the "proposed preferred class stockholders."

The failure to define the purported class constitutes error, which requires this Court to vacate the trial court's judgment and remand for further proceedings. *Cf.* Fed. R. Civ. P. 23(c)(1)(B) ("An order that certifies a class action must define the class.").[5] Indeed, "an essential prerequisite to a class action is the existence of a class whose bounds are precisely drawn." ***Considine v. Park Nat. Bank***, 64 F.R.D. 646, 647–48 (E.D. Tenn. 1974). "Clearly delineating the contours of the class . . . serves several important purposes, such as providing the parties with clarity and assisting class members in understanding their rights." ***Marcus v. BMW of N. Am., LLC***, 687 F.3d 583, 591–92 (3d Cir. 2012). Accordingly, courts have not hesitated to overturn orders that attempt to certify vaguely-defined classes. For example, in ***Marcus***, the United States Court of Appeals for the Third Circuit vacated a trial court's certification order that stated it was certifying plaintiff's proposed class, but did not "set out its own definition," resulting in a class whose parameters were "far from clear." ***Id***. at 592.

Likewise, in ***Gov't Employees Ins. Co. v. Bloodworth***, No. M2003-02986-COA-R10-CV, 2007 WL 1966022 (Tenn. Ct. App. June 29, 2007), this Court held that a "trial court [is] required to make a rigorous and thorough analysis of [the Rule 23 requirements] and to provide a sufficient explanation of that analysis to provide an opportunity for meaningful appellate review." ***Id***. at *51. Specifically, we noted:

> Based on the trial court's order and the record before us, we cannot determine whether the trial court applied the correct legal principles to the issues raised herein. . . . Based on the record before us, we cannot conclude that the class proponent has met her burden of establishing that the requirements of Tenn. R. Civ.

[5] As noted in ***Roberts I***, "[a]lthough there are few reported opinions from Tennessee state courts addressing class certification under Rule 23 of the Tennessee Rules of Civil Procedure, federal cases addressing class certification under the Federal Rules of Civil Procedure are persuasive authority. ***Meighan v. U.S. Sprint Commc'ns Co.***, 924 S.W.2d 632, 637 n.2 (Tenn. 1996) (citing ***Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 557 (Tenn.1990))." ***Roberts I***, 2011 WL 662648, n.5. In fact, the Tennessee class action statute is modeled after the federal rule. "Because Tennessee Rule of Civil Procedure 23 and Federal Rule of Civil Procedure 23 use identical language, federal authority is persuasive." ***Freeman v. Blue Ridge Paper Prods., Inc.***, 229 S.W.3d 694, 702 n.3 (Tenn. 2007).

P. 23.02(3) have been met. Neither can we conclude that the trial court has conducted the type of analysis necessary to insure compliance with those requirements. Consequently, we must vacate the trial court's order certifying this action as a class action.

*Id*. The same is true here. Because we cannot determine the parameters of the "proposed preferred class," we cannot conduct a meaningful review so as to reach the "conclu[sion] that the trial court conducted the type of analysis necessary to insure compliance with these [Rule 23] requirements." *Id*. For us to proceed with Rule 23 analysis in the absence of a clearly defined class would border on an advisory opinion. "In an interlocutory appeal, as well as in an appeal as of right, the appellate court considers only questions that were actually adjudicated by the trial court." ***Shaffer v. Memphis Airport Authority, Service Management Systems, Inc***., No. W2012-00237-COA-R9-CV, 2013 WL 209309, at *4 (Tenn. Ct. App. Jan.18, 2013) (citing ***In re Estate of Boykin***, 295 S.W.3d 632, 636 (Tenn. Ct. App. 2008) ("At the appellate level, we are limited in authority to the adjudication of issues that are presented and decided in the trial courts."). "To do otherwise would render the interlocutory appeal a request for an advisory opinion." ***Shaffer***, 2013 WL 209309, at *4. Accordingly, we must vacate the order of the trial court and remand for further proceedings. However, we note that after three attempts at class certification, and two interlocutory appeals, this case has become convoluted to the point that the trial court may need to wipe the slate clean and start from the beginning on remand. At any rate, after reviewing the record, and from statements made during oral argument, it appears that the framework for class certification, i.e. Tennessee Rule of Civil Procedure 23, may have been neglected in favor of attempts to create subclasses to negate shortcomings in the global class. This is not proper procedure. As discussed in ***Roberts I***, the creation of subclasses will not cure Rule 23 deficiencies in the larger class. Nonetheless, because we cannot determine what class the trial court is certifying, we cannot proceed with further review.

For the foregoing reasons, we vacate the trial court's order on class certification, and remand for further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellees, Donald J. Roberts IRA, Dr. James M. Byers IRA Rollover, Patrick Svoboda IRA, Svoboda Realty Inc. Defined Benefit Plan, Jack Fulton, and Eric Clarke, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE